UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 23-08694-JGB (DFM) | Date: | November 30, 2023 |
|---|---|---|---|
| Title | Eric L. Gonzalez v. Edward L. Borla | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Plaintiff(s): | Attorney(s) for Defendant(s): |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause

    Petitioner Eric L. Gonzalez is a state prisoner proceeding pro se and in forma pauperis with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. See Dkt. 1 ("Petition"). Petitioner challenges his recent parole denial. For the reasons set forth below, Petitioner is ordered to show cause why the Petition should not be dismissed for lack of habeas jurisdiction.

    Petitioner is serving a 31-years-to-life sentence for his 1997 conviction of assault with intent to commit rape and attempted kidnapping for sexual purposes. Petitioner has filed numerous state and federal habeas petitions. Here, Petitioner contends that California's Board of Parole Hearings' failures to (1) consider "special conditions" of release and (2) provide notice of his Elderly Parole Hearing violated his rights under the Due Process Clause. See Petition at 5. Petitioner asks that the Court vacate the Board's decision denying Petitioner parole for five years. See id. at 9-10.[1]

    Rule 4 allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases; see also Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated").

    The Court is concerned that it lacks habeas jurisdiction in this case. If a prisoner's claim "would necessarily demonstrate the invalidity of confinement or its duration," a habeas petition

---

[1] Despite the five-year denial, Petitioner appears to have a parole suitability hearing before the Board on December 28, 2023. See California Incarcerated Records and Information Search, https://apps.cdcr.ca.gov/ciris/details?cdcrNumber=E66196 (search for Gonzalez, Eric Lamont) (last accessed November 29, 2023).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

is the appropriate avenue for the claim. <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 82 (2005). In contrast, if a favorable judgment for the petitioner would not "necessarily lead to his immediate or earlier release from confinement," he may assert his claim only under 42 U.S.C. § 1983. <u>Nettles v. Grounds</u>, 830 F.3d 922, 935 (9th Cir. 2016).

In <u>Nettles</u>, a prisoner serving a life sentence with the possibility of parole was found guilty of a disciplinary violation and, as a result, suffered a revocation of thirty days of good conduct credits. <u>See</u> 830 F.3d at 927. The Ninth Circuit held that the district court lacked jurisdiction over the prisoner's claim because success on the merits "would not necessarily lead to immediate or speedier release because the expungement of the challenged disciplinary violation would not necessarily lead to a grant of parole." <u>Id.</u> at 934-35.

Here, Petitioner seeks to vacate the Board's denial and obtain a new parole hearing because he was denied a full and fair opportunity to be heard. <u>See</u> Petition at 6-10. Like <u>Nettles</u>, Petitioner's success would, at best, result in a new parole hearing, which would not necessarily lead to his earlier release. As such, Petitioner's claim does not appear cognizable in habeas corpus. <u>See</u> <u>Nettles</u>, 830 F.3d at 934-35; <u>Woods v. Valenzuela</u>, 734 F.App'x 394, 395-96 ("Because the ultimate relief Woods seeks through his petition is "a new parole hearing at which . . . parole authorities may, in their discretion, decline to shorten his prison term," <u>Wilkinson</u>, 544 U.S. at 82, a favorable judgment would not necessarily result in earlier release. His claim is thus not cognizable in habeas, and we vacate for lack of habeas jurisdiction the district court's denial on the merits of Woods' habeas claim.").

Accordingly, Petitioner is ORDERED TO SHOW CAUSE within twenty-eight (28) days why the Petition should not be dismissed because it is not cognizable in habeas corpus. Petitioner's response should cite to applicable legal authority. Petitioner's failure to act by the deadline may result in dismissal for lack of habeas jurisdiction and failure to prosecute.