JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ERIC L. GONZALEZ, | Case No. CV 23-08694-JGB (DFM) |
| Petitioner, | ORDER SUMMARILY DISMISSING PETITION AND DENYING A CERTIFICATE OF APPEALABILITY |
| v. | |
| EDWARD L. BORLA, | |
| Respondent. | |

## I.   INTRODUCTION

Petitioner Eric L. Gonzalez is a state prisoner proceeding pro se and in forma pauperis with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. See Dkt. 1 ("Petition"). Petitioner challenges his recent parole denial.

For the reasons set forth below, the Petition is summarily dismissed without prejudice because it is not cognizable in habeas corpus.

## II.   BACKGROUND

Petitioner is serving a 31-years-to-life sentence for his 1997 conviction of assault with intent to commit rape and attempted kidnapping for sexual purposes. See Petition at 2. Petitioner has filed numerous state and federal habeas petitions. Here, Petitioner contends that failure of the California's Board of Parole Hearings to (1) consider "special conditions" of release and (2) provide notice of his Elderly Parole Hearing violated his rights under the Due

Process Clause. See id. at 5. Petitioner asks that the Court vacate the Board's decision denying Petitioner parole for five years. See id. at 9-10.[1]

### III.   DISCUSSION

The Court has a duty to screen habeas corpus petitions. See Rules Governing § 2254 Cases in the United States District Courts, Rule 4 Advisory Committee Notes. Rule 4 requires a district court to examine a habeas corpus petition, and if it plainly appears from the face of the petition and any annexed exhibits that the petitioner is not entitled to relief, the judge shall make an order for summary dismissal of the petition. See id.; see also Local Rule 72-3.2; Mayle v. Felix, 545 U.S. 644, 656 (2005).

On screening, the Court ordered Petitioner to show cause why the Petition should not be dismissed because it is not cognizable in habeas corpus:

> The Court is concerned that it lacks habeas jurisdiction in this case. If a prisoner's claim "would necessarily demonstrate the invalidity of confinement or its duration," a habeas petition is the appropriate avenue for the claim. Wilkinson v. Dotson, 544 U.S. 74, 82 (2005). In contrast, if a favorable judgment for the petitioner would not "necessarily lead to his immediate or earlier release from confinement," he may assert his claim only under 42 U.S.C. § 1983. Nettles v. Grounds, 830 F.3d 922, 935 (9th Cir. 2016).
>
> In Nettles, a prisoner serving a life sentence with the possibility of parole was found guilty of a disciplinary violation

---

[1] Petitioner received a parole suitability hearing before the Board on December 28, 2023, and was denied parole for three years. See California Incarcerated Records and Information Search, https://apps.cdcr.ca.gov/ciris/details?cdcrNumber=E66196 (search for Gonzalez, Eric Lamont) (last accessed January 4, 2024). His next parole suitability hearing is set for December 2026. See id.

and, as a result, suffered a revocation of thirty days of good conduct credits. See 830 F.3d at 927. The Ninth Circuit held that the district court lacked jurisdiction over the prisoner's claim because success on the merits "would not necessarily lead to immediate or speedier release because the expungement of the challenged disciplinary violation would not necessarily lead to a grant of parole." Id. at 934-35.

Here, Petitioner seeks to vacate the Board's denial and obtain a new parole hearing because he was denied a full and fair opportunity to be heard. See Petition at 6-10. Like Nettles, Petitioner's success would, at best, result in a new parole hearing, which would not necessarily lead to his earlier release. As such, Petitioner's claim does not appear cognizable in habeas corpus. See Nettles, 830 F.3d at 934-35; Woods v. Valenzuela, 734 F.App'x 394, 395-96 ("Because the ultimate relief Woods seeks through his petition is "a new parole hearing at which . . . parole authorities may, in their discretion, decline to shorten his prison term," Wilkinson, 544 U.S. at 82, a favorable judgment would not necessarily result in earlier release. His claim is thus not cognizable in habeas, and we vacate for lack of habeas jurisdiction the district court's denial on the merits of Woods' habeas claim."). Dkt. 6.

Petitioner responded that after reading Nettles, he agrees that the Court lacks jurisdiction, but asks that his Petition be recharacterized to a civil rights complaint under 42 U.S.C. § 1983. See Dkt. 7.

In some circumstances, a district court may convert an improperly filed habeas petition into a civil rights complaint. See Nettles, 830 F.3d at 935-36. The Court declines to do so in this case. Prisoner civil rights actions are subject

to different requirements (and higher filing fees) than habeas proceedings. The congressionally mandated filing fee for a prisoner civil rights complaint is currently $350.00 in contrast to the $5.00 filing fee for habeas petitions. <u>See</u> 28 U.S.C. § 1914(a). And, while a civil rights action may proceed despite the prisoner's inability to prepay the entire $350.00 if he is granted leave to proceed in forma pauperis under 28 U.S.C. § 1915(a), he must still agree to pay the entire filing fee in installments, even if his complaint is ultimately dismissed. <u>See</u> 28 U.S.C. § 1915(b)(1)-(2); <u>Taylor v. Delatoore</u>, 281 F.3d 844, 847 (9th Cir. 2002). Also, a civil rights complaint that is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases.

Based on the foregoing, the Court believes that it is appropriate to dismiss the Petition without prejudice so that Petitioner can decide whether he wishes to incur the filing fee, assume the risk of a potential "strike" under § 1915(g), and raise his claims through a civil rights complaint.

///

///

///

///

///

///

///

///

///

///

///

## IV.   CONCLUSION

Petitioner's claims are not cognizable in habeas corpus. This case is summarily dismissed without prejudice to its renewal, if at all, as a civil rights action under 42 U.S.C. § 1983.

A certificate of appealability will not issue because there has not been a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Date: January 25, 2024

JESUS G. BERNAL
United States District Judge

Presented by:

DOUGLAS F. MCCORMICK
United States Magistrate Judge